UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Courtney R. Woodard,<br>  Plaintiff,<br><br>v.<br><br>The Parrott Group, Inc. d/b/a Ashley HomeStore and Ashley Global Retail, LLC d/b/a Ashley HomeStore,<br>  Defendants. | CASE NO.: 2:25-cv-11204-BHH-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

**JURISDICTION AND PARTIES**

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for sexual harassment and racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of sexual racial discrimination, sexual harassment and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from SCHAC on or about June 11, 2025.

    c. This Complaint has been filed within the 90 days of receipt of the SCHAC's Notice of the Right to Sue.

3. Plaintiff, Courtney R. Woodard, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

5. The Defendant, The Parrott Group, Inc. d/b/a Ashley HomeStore, is upon information and belief, is a domestic corporation and is organized and operating in the State of South Carolina.

6. The Defendant, Ashley Global Retail, LLC d/b/a Ashley HomeStore, is upon information and belief, is a foreign corporation and is organized in the State of Delaware and operating in the State of South Carolina.

7. Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. On or about November 1, 2023, Plaintiff (African American) began working for Defendants as a visual merchandiser. At all times, Plaintiff was effective and efficient in her employment.

12. During Plaintiff's employment, Plaintiff was subjected to inappropriate sexual advances, comments and gestures by Defendants' Sales Supervisor, Victor Billups (Caucasian).

13. Mr. Billups would constantly make racist and sexist remarks toward the Plaintiff and directed vulgar, sexual innuendos towards Plaintiff. Plaintiff would repeatedly turn down Mr. Billups and request him to stop.

14. Mr. Billups would often comment on Plaintiff's hair and would make jokes about how the texture of the cushion stuffing resembled her natural hair and even claimed that the cushions were stuffed with Plaintiff's hair.

15. On or about November 21, 2023, Mr. Billups told the Plaintiff that he liked her hair better straightened and down.

16. On or about December 11, 2023, Mr. Billups came into the Plaintiff's office for help tagging a pillow. Mr. Billups held the pillow near his waist in a sexual manner and asked, "Can I hit it from the back?" Mr. Billups then started laughing and Plaintiff asked him to leave her office. After which he bragged about his comment to other employees.

17. On or about December 11, 2023, the Plaintiff reported Mr. Billups sexual harassment to Human Resources, but nothing was done and the harassment continued. A sales associate, Aaron (Caucasian), also began to harass Plaintiff.

18. On or about January 15, 2024, Aaron suggested that Plaintiff assist him with a mattress sale by "getting in bed with the customer." When Plaintiff asked him to clarify his comment, Aaron replied "it would probably cost me more than it's worth."

19. Plaintiff again reported the harassment and comments to Human Resources, once again nothing was done and the harassment worsened. After the complaints, Plaintiff was forced to continue to work with Mr. Billups and Aaron wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment.

20. For example, Plaintiff left her jacket in the breakroom, and when she went to retrieve it, she found a sticky note in the jacket pocket with the word "bitch" written on it.

21. On or about April 18, 2024, while the Plaintiff was in the warehouse taking photos, the general manager, Greg Prosper, approached the Plaintiff and told her that he needed to speak with her in his office. Mr. Prosper told the Plaintiff that they were terminating her, even though she had just received an award for having the highest percentage increase.

22. It was the duty of the Defendants, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

23. Despite her reporting the behavior, Defendants did not take appropriate action to resolve the problems and disciplined the Plaintiff for Mr. Billups and Aaron inappropriate behavior upon her.

24. That the unjust disciplinary actions and termination of Plaintiff with Defendants was the response by Defendants, their agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. Billups and Aaron including sexual harassment.

25. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

26. As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

<u>**FOR A FIRST CAUSE OF ACTION**</u>
**Sexual Harassment - Title VII of Civil Rights Act of 1964**

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. The Defendants, as Plaintiff and Mr. Billups' employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing Mr. Billups to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

   c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

29. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendants, Plaintiff has suffered injuries, both physically and mentally.

30. As a direct and proximate result of the acts and practices of Defendants in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

### FOR A SECOND CAUSE OF ACTION
**Racial Discrimination – Title VII of Civil Rights Act of 1964**

31. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and terminated based on her race, color or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

33. Defendants were wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff due to her race, color or national origin;

   b. In showing preferential treatment to black employees and detrimental treatment to Plaintiff; and

   c. In discharging Plaintiff due to her race, color or national origin and in retaliation for filing reports of the discrimination and inappropriate behaviors.

34. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C.

§2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

35. Defendants violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

36. As a direct and proximate result of Defendants' discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

37. Defendants' employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

38. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of the employment discrimination as alleged above.

39. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Retaliation – Title VII of Civil Rights Act of 1964

40. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

41. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions. Upon reporting the detrimental treatment and discrimination based on her race, color or national origin and sexual harassment, Plaintiff was terminated from her position in retaliation for asserting her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

42. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

43. The Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Defendants' retaliation as alleged above.

44. That the aforesaid conduct of Defendants their agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

45. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## REQUEST FOR RELIEF

46. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

47. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

48. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
August 19, 2025